IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHY ROSSELL, | : |
| Plaintiff, | : |
| v. | : C.A. No. 05-195 (SLR) |
| COUNTY BANK, a bank organized under the laws of the State of Delaware, | : |
| Defendant. | : |

## DEFENDANT COUNTY BANK'S REPLY BRIEF
## IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS

**DUANE MORRIS LLP**
Daniel V. Folt (Bar I.D. No. 3143)
Gary W. Lipkin (Bar I.D. No. 4044)
1100 N. Market St., Suite 1200
Wilmington, DE 19801
302.657.4927

Dated: July 22, 2005                    Attorneys for Defendant County Bank

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................ 1

    I.    PLAINTIFF'S CLAIM MUST BE DISMISSED BECAUSE EVEN IF COUNTY BANK RETALIATED AGAINST PLANTIFF FOR COMPLAINING ABOUT DISCRIMINATION AGAINST NON-EMPLOYEES SUCH CONDUCT IS NOT PROSCRIBED BY TITLE VII ....................................................................................................................... 1

    II.    PLAINTIFF'S BELIEF THAT DISCRIMINATION AGAINST NON-EMPLOYEES CONSTITUTES AN EMPLOYMENT PRACTICE IS NOT "REASONABLE" AS A MATTER OF LAW ........................................... 6

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) ................8

*Crowley v. Prince George's County, MD.*, 890 F.2d 683 (4th Cir. 1989) ................5, 6

*Etsitty v. Utah Transit Authority*, 2005 U.S. Dist. LEXIS 12634 (D. Utah June 24, 2005) ................6

*Hamner v. St. Vincent Hospital and Health Care Center, Inc.*, 224 F.3d 701 (7th Cir. 2000) ................9

*Hill v. Chicago Bd. Of Educ.*, 2004 WL 626147 (N.D. Ill. Mar. 29, 2004) ................8

*Labonia v. Doran Assocs., LLC*, 2004 WL 1921005 (D. Conn. Aug. 25, 2004) ................5

*Lamb-Bowman v. Delaware State Univ.*, 152 F. Supp. 2d 553 (D. Del. 2001) ................2, 3, 7, 8

*Lamb-Bowman v. Delaware State Univ.*, 2002 WL 1404762 (3d Cir. June 28, 2002) ................3

*Little v. United Tech.*, 103 F.3d 956 (11th Cir. 1997) ................9

*Manchoran v. Columbia Univ. College of Physicians and Surgeons*, 842 F.2d 590 (2d Cir. 1988) ................7

*Martin v. The Kroeger Co.*, 65 F. Supp. 2d 516 (S.D. Tex. 1999) ................1

*McMenemy v. City of Rochester*, 241 F.3d 279 (2d Cir. 2001) ................4, 5

*Moore v. Total Sleep Diagnostics of Kansas, Inc.*, 2001 WL 789231 (D. Kan. June 29, 2001) ................9

*Moyo v. Gomez*, 40 F.3d 982 (9th Cir. 1994) ................2

*Nelson v. Upsala College*, 51 F.3d 383 (3d Cir. 1995) ................8

*Silver v. KCA, Inc.*, 586 F.2d 138 (9th Cir. 1978) ................4, 5

*Taneus v. Brookhaven Memorial Hospital Medical Center*, 99 F. Supp. 2d 262 (E.D.N.Y. 2000) ................5, 7

*Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1084 (7th Cir. 1984) ................6

*Wimmer v. Suffolk County Police Department*, 176 F.3d 125 (2d Cir. 1999) ................3, 4, 8, 9

*Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346 (9th Cir. 1984) .................. 2

**STATE CASES**

*Wolfe v. Becton Dickinson and Co.*, 266 Neb. 53 (2003) .................. 9

**MISCELLANEOUS**

45A Am. Jur.2d Job Discrimination § 230 (May 2004) .................. 1

## ARGUMENT

### I. PLAINTIFF'S CLAIM MUST BE DISMISSED BECAUSE EVEN IF COUNTY BANK RETALIATED AGAINST PLAINTIFF FOR COMPLAINING ABOUT DISCRIMINATION AGAINST NON-EMPLOYEES SUCH CONDUCT IS NOT PROSCRIBED BY TITLE VII

Assuming solely for argument purposes that which is completely untrue – that Kathy Rossell ("Rossell" or "Plaintiff") was terminated in retaliation for opposing policies favoring racial profiling of bank clients – her claim must still fail as a matter of law because opposition to discrimination against non-employees is not a protected activity under Title VII. "[A] complaint of retaliation for opposing discrimination by co-employees against nonemployees is not cognizable under Title VII." 45A AM. JUR.2D JOB DISCRIMINATION § 230 (May 2004). It is hornbook law that "[d]iscriminatory comments or actions directed at persons who are not employees, such as independent contractors or subcontractors, do not fall within the scope of Title VII." *Martin v. The Kroeger Co.*, 65 F. Supp. 2d 516, 557 (S.D. Tex. 1999) (citations omitted). "Similarly, the acts of discrimination opposed by the employee must be against a fellow employee or applicant for employment, not a private individual. As with a hostile work environment claim, the person against whom the discrimination or hostility is directed must be in an employment relationship with the employer." *Id.* (citations omitted). Since Rossell's purported Title VII claim relates entirely to alleged discrimination against non-employee bank customers, her claim must fail.

Confronted with this unambiguous rule of law, Plaintiff cites to anomalous cases that are either not followed or not on point.[1]  Plaintiff's principal case on which she relies is *Moyo v. Gomez*, 40 F.3d 982 (9th Cir. 1994), a Ninth Circuit case that County Bank addressed in its Opening Brief (*see* Op. Br. p. 11, n.3), which -- unlike the cases relied upon by County Bank in its briefs -- has not been adopted in any other jurisdiction to our knowledge.[2]

Contrary to the Ninth Circuit's decision in *Moyo*, nearly every other court to have considered the issue -- including this Court -- has taken a divergent approach.  In *Lamb-Bowman v. Delaware State Univ.*, 152 F. Supp. 2d 553 (D. Del. 2001), *aff'd* 2002 WL 1404762 (3d Cir. June 28, 2002), for example, a case before Your Honor, the plaintiff, who was employed as the defendant university's head women's basketball coach, complained to the university's athletic director about disparities between the women's and men's athletic programs.  After the university informed plaintiff that she would not be reappointed, she brought claims for sex discrimination and retaliation under Title VII.

In granting summary judgment for the defendant, this Court held "[i]n the case at bar, plaintiff has alleged retaliation by defendants because she complained of disparities between the women's and men's athletic programs, a potential violation of Title IX.  Plaintiff has not

---

[1] The few cases cited in Plaintiff's Answering Brief are inapplicable.  *Wrighten v. Metropolitan Hospitals, Inc.*, 726 F.2d 1346 (9th Cir. 1984), a case from the Ninth Circuit, for example, is distinct because the plaintiff there, who was African-American unlike Rossell, based her Title VII claim, in part, on the fact that she was allegedly subjected to an inappropriately large workload and passed over for promotion because of her race; conduct plainly proscribed by Title VII.  Rossell, on the other hand, bases her Title VII claim entirely on discrimination towards non-employees.

[2] In *Moyo*, the Ninth Circuit permitted a prison inmate to try to prove that he was fired in retaliation for protesting his employers' alleged policy of denying showers to African-American inmates.  726 F.2d 1346.  We remain of the view that the Ninth Circuit stands alone with its novel interpretation.

demonstrated that she suffered retaliation because she complained of discrimination based on <u>her</u> sex. Because plaintiff did not oppose a discriminatory action that is proscribed by the statute, plaintiff has failed to state a claim of retaliation under Title VII."[3] *Id.* at 561 (emphasis added).

This holding is plainly applicable to the case at bar. Like the plaintiff in *Lamb-Bowman*, Rossell has not complained that she or another co-worker were discriminated against (or suffered retaliation for opposing the same). Rather, like the plaintiff in *Lamb-Bowman*, Rossell claims that she was retaliated against for her opposition to discrimination against non-employees. Even if Rossell's allegations are true, which they are not, the rule of law set forth in *Lamb-Bowman*, as affirmed on appeal[4], instructs that such conduct cannot form the basis for a Title VII claim.

Numerous other jurisdictions are in accord. In the seminal case of *Wimmer v. Suffolk County Police Department*, 176 F.3d 125 (2nd Cir. 1999), for example, the Second Circuit Court of Appeals held that Title VII's opposition clause did not protect a white police recruit who opposed police civil rights abuses against <u>non-employee</u> minority citizens. The Second Circuit concluded that, however reprehensible, those abuses simply were not "employment" practices forbidden by Title VII. *Id.* at 135-36. Although the permissibility of an action alleging

---

[3] Like Rossell, the *Lamb-Bowman* plaintiff also argued that even if the conduct complained of did not constitute a Title VII violation, she sufficiently stated a claim nonetheless because she *believed* that she was protesting a discriminatory practice. *Id.* n. 17. This Court rejected plaintiff's argument, holding "[p]laintiff has not alleged that any students were discharged from employment, not chosen for employment, or otherwise denied any privilege of employment by DSU. Therefore, plaintiff cannot have held a 'reasonable belief' that she protested an unlawful employment practice." *Id.* n. 17 (emphasis added). *See infra* Section II for a further discussion on this subject.

[4] On appeal, the Third Circuit Court of Appeals affirmed this Court, holding "[plaintiff's] allegations involve retaliation against her for her opposition to disparities between the women's and men's athletic programs at DSU. Again, we conclude that the District Court properly awarded summary judgment to DSU because such an adverse employment action would be potentially protected under Title IX and not Title VII." *Lamb-Bowman v. Delaware State Univ.*, 2002 WL 1404762, at *2 (3d Cir. June 28, 2002).

3

retaliation for opposing discrimination by co-employees against non-employees was a question of first impression in the Second Circuit, the panel nevertheless held that the plaintiff "could not have reasonably believed that he was opposing an employment practice."[5] *Id.*

This holding was revisited and confirmed in the case of *McMenemy v. City of Rochester*, 241 F. 3d 279 (2nd Cir. 2001). In *McMenemy*, a firefighter brought an action against the city and several employees for violation of his civil rights in failing to promote him. *Id.* at 281. A primary basis of McMenemy's claim was that he was not promoted in retaliation for his prior investigation of a supervisor's sexual harassment complaint. *Id.* at 282. The district court held, and the defendants argued on appeal, that *Wimmer* confines "protected activity" to opposition to the unlawful employment practices of the same employer that engaged in the retaliation. *Id.* at 283. According to that view, McMenemy's investigation of sexual harassment committed by his Union is not protected activity because the alleged retaliation was committed by the City rather than by the Union. *Id.* The Second Circuit rejected that argument and reversed in part, but in so doing underscored and upheld the bright-line rule set forth in *Wimmer*. *Id.*

Explaining *Wimmer*, the Second Circuit pointed to the early reasoning of *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978), which stated that "not every act by an employee in opposition to . . . discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Id.*

---

[5] Plaintiff attempts to distinguish *Wimmer* by arguing that the unlawful employment practice complained of in *Wimmer* was a hostile work environment, unlike the case before this Court. That distinction is without significance. Nothing in the Court's Opinion in *Wimmer* can be even remotely interpreted to limit its holding to hostile work environment cases. Indeed, as Plaintiff later concedes in his Answering Brief, other District Courts to have analyzed the holding in *Wimmer* have given it a broader meaning than the one to which Plaintiff now advances. (*See* Ans. Br., p. 8, ¶ 2) ("A few District Courts in other jurisdictions have thereafter, however, given a broader meaning to the language used in *Wimmer*. . .").

Further support for the rule was found in *Silver*, which noted that the "specific evil at which Title VII was directed was not the eradication of all discrimination by private individuals, undesirable though that is, but the eradication of discrimination by employers against employees." *Silver*, 586 F.2d at 141. This led the Second Circuit to conclude that in *Wimmer*, as here, "it should have been plain to the plaintiff and to any other lay person that his complaint of retaliation for opposing discrimination by co-employees with respect to the general public was not a complaint about an employment practice." *McMenemy*, 241 F.3d at 285. *See also Taneus v. Brookhaven Memorial Hospital Medical Center*, 99 F. Supp. 2d 262, 267 (E.D.N.Y. 2000) (where Court dismissed plaintiff's retaliation claim holding "[i]n essence, she argued that the Hospital's infection control policy treated Haitian patients in a racially discriminatory manner. <u>Her protest, which was not a complaint regarding treatment of employees, was not a statement made in opposition to an employment practice and cannot constitute protected activity within the meaning of Title VII.</u>") (emphasis added); *Labonia v. Doran Assocs., LLC*, 2004 WL 1921005, at *11 (D. Conn. Aug. 25, 2004) ("Because Ms. Labonia's opposition . . . 'was not directed at an unlawful employment practice of [her] employer,' her claim of retaliation is not cognizable under Title VII.") (citations omitted).

Rossell's Title VII retaliation claim is based entirely on purported discrimination against non-employee bank customers and the overwhelming majority of case law, including law from this Court, instructs that Rossell's claim must therefore be dismissed.

Mindful of the weakness of her position, Plaintiff argues, in what amounts to little more than a plea, that her claim should not be dismissed because Title VII is a remedial statute and should be construed liberally. (*See*. Ans. Br. pp.6-7). No amount of liberal construction, however, could put Plaintiff's claim within the confines of Title VII. "We have emphasized . . .

that Title VII 'is not a general bad acts statute.' Rather, the conduct it prohibits is specifically set forth. To recognize [the plaintiff's] claim would be to authorize retaliation actions under Title VII for anyone whose job entails the investigation of any claim of discrimination against his or her employer, without regard to whether the claimed discrimination relates to a practice of employment. While Congress may decide to extend the statute's coverage to persons who bring any discriminatory practice of an employer to light, such a step lies beyond the province of the courts. To find in Title VII protection for whistleblowers on each and every instance of discrimination on the part of an employer is more than we think the plain language of its provisions will support." *Crowley v Prince George's County, MD.*, 890 F.2d 683, 687 (4th Cir. 1989) (citations omitted). "Although Title VII is a remedial statute, which should be liberally construed, . . . our responsibility is 'to interpret this congressional legislation and determine what Congress intended. . .'" *Id.* (quoting *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081 (7th Cir. 1984)). Further, the Court should "not expand the application of [Title VII] beyond the clear intent of Congress, absent a mandate from Congress to do so." *Etsitty v. Utah Transit Authority*, 2005 U.S. Dist. LEXIS 12634, at *8 (D. Utah June 24, 2005).

## II.   PLAINTIFF'S BELIEF THAT DISCRIMINATION AGAINST NON-EMPLOYEES CONSTITUTES AN EMPLOYMENT PRACTICE IS NOT "REASONABLE" AS A MATTER OF LAW

Because Rossell was purportedly retaliated against for complaining of conduct that does not even fall in the <u>same class of discrimination</u> proscribed by Title VII, well-established authority instructs that she could not, as a matter of law, have "reasonably believed" that she had protested an unlawful employment practice.

While an employer's conduct need not necessarily be illegal under Title VII so long as the plaintiff possessed a "good faith reasonable belief that the underlying challenged actions of the employer violated the law,"[6] "[n]either the 'unlawful practice' nor the 'good faith belief' requirement is satisfied where the practice complained of was not directed at employees but, instead, was directed to individuals who are not in a employment relationship with the defendant. <u>This is because acts of discrimination against private individuals are simply not within the area of activity protected by Title VII.</u>" *Taneus v. Brookhaven Memorial Hospital Medical Center*, 99 F. Supp. 2d 262, 267 (E.D.N.Y 2000) (citations omitted) (emphasis added).

Aware of that premise, Plaintiff argues that even if that is so, her retaliation claim is valid nevertheless because Plaintiff *believed* that County Bank's alleged conduct constituted an unlawful employment practice. Even further, Plaintiff boldly takes the position that her belief that the conduct was actionable is sufficient to state a claim under Title VII even if said conduct (discrimination against non-employees) is not even of the *class* of discrimination proscribed by Title VII (which proscribes discrimination only against those in an employment relationship with the employer). (*See* Ans. Br., pp. 10-11). But the case law plainly contradicts Plaintiff's position.

In *Lamb-Bowman v. Delaware State Univ.*, 152 F. Supp. 2d 553 (D. Del. 2001), *aff'd* 2002 WL 1404762 (3d Cir. June 28, 2002), discussed *supra*, the plaintiff in that case, like Rossell, argued that she sufficiently stated a claim of Title VII retaliation because she protested what she *believed* to be a discriminatory practice. In analyzing the *Lamb-Bowman* plaintiff's argument, this Court first recognized that "a plaintiff need not prove the merits of the underlying

---

[6] *Manchoran v. Columbia Univ. College of Physicians and Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988).

7

[Title VII] discrimination complaint, but only that [she] was acting under a good faith, reasonable belief that a violation existed." *Id.* at 561 n. 17 (citing *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996)). This Court then noted, however, that "courts applying this standard have stated that the 'discriminatory practice' must be an employment practice, in accordance with the purposes of Title VII." *Id.* at n.17 (citations omitted). In dismissing plaintiff's claim, this Court ultimately held that "[p]laintiff opposed what she believed to be discrimination suffered by her female students [not by employees]. Plaintiff has not alleged that any students were discharged from employment, not chosen for employment, or otherwise denied any privilege of employment by DSU. Therefore, plaintiff cannot have held a 'reasonable belief' that she protested an unlawful employment practice." *Id.* at n. 17. *See also Nelson v. Upsala College*, 51 F.3d 383, 388 (3d Cir. 1995) ("Our holding is consistent with the language of section 704 [of Title VII] as that section interdicts 'an unlawful employment practice' rather than conduct in general which the . . . employee finds objectionable. The words 'employment practice' suggest that the retaliatory conduct must relate to an employment relationship.").

It is well-established that the discrimination complained of must be, at the very least, the type proscribed by Title VII. "Our Court of Appeals has stated that, to prevail on a Title VII retaliation claim, a plaintiff need only demonstrate that he 'reasonably believed in good faith that the practice he opposed violated Title VII, but the complaint must involve discrimination that is prohibited Title VII." *Hill v. Chicago Bd. Of Educ.*, 2004 WL 626147, at *8 (N.D. Ill. Mar. 29, 2004) (quotations omitted) (emphasis added). "[Wimmer] points out, correctly, that the racist activities within the Department need not actually have been violative of Title VII, as long as he had a good faith reasonable belief that the underlying practice was unlawful. . . In the present

8

case, however, Wimmer could not have reasonably believed that he was opposing an employment practice because the evidence does not address racial discrimination in an employment practice." *Wimmer*, 176 F.3d 125, 135-36 (citations omitted). "If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable." *Hamner v. St. Vincent Hospital and Health Care Center, Inc.*, 224 F.3d 701, 707 (7th Cir. 2000) (citations omitted). "[P]laintiff's complaint contains no facts that defendant was engaged in an unlawful employment practice and, as such, plaintiff could not have reasonably believed that she was opposing such an unlawful practice. Accordingly, plaintiff cannot state a claim for retaliation." *Moore v. Total Sleep Diagnostics of Kansas, Inc.*, 2001 WL 789231, at *3 (D. Kan. June 29, 2001). "In order for such a belief to be reasonable, the act believed to be unlawful must either in fact be unlawful or at least be of a type that is unlawful." *Wolfe v. Becton Dickinson and Co.*, 266 Neb. 53, 61 (2003) (emphasis added). "It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component. . . It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable." *Little v. United Tech.*, 103 F.3d 956, 960 (11th Cir. 1997).

Because discrimination against non-employees is not even legally cognizable under Title VII, Rossell's alleged "belief" that she opposed an unlawful employment practice is not reasonable as a matter of law.

## CONCLUSION

WHEREFORE, for the foregoing reasons set forth in Defendant County Bank's Opening and Reply Briefs, we respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

                                                **DUANE MORRIS LLP**

                                                /s/ Daniel V. Folt
                                                Daniel V. Folt (Bar I.D. No. 3143)
                                                Gary W. Lipkin (Bar I.D. No. 4044)
                                                1100 N. Market St., Suite 1200
                                                Wilmington, DE 19801
                                                302.657.4927

                                                Attorneys for Defendant County Bank

WLM\210066.1