NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.06-2299

_____

KATHY S. ROSSELL,

v.

COUNTY BANK,
a Banking Institution of the State of Delaware

On Appeal from the United States District Court
For the District of Delaware
Honorable Sue L. Robinson
Civil Action No. 05-cv-00195

Submitted Under Third Circuit LAR 34.1 (a)
February 4, 2008

BEFORE McKEE, AMBRO, Circuit Judges and
IRENAS, Senior District Judge[*]

(Filed: March 25, 2008)

_____

OPINION

---

[*]Honorable Joseph E. Irenas, Senior United Sates District Judge for the District of New Jersey, sitting by designation.

_____

McKee, <u>Circuit Judge</u>

Kathy Rossell appeals the district court's dismissal of her Title VII claim against County Bank. For the reasons that follow, we will affirm. [1]

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or historical background except insofar as may be helpful to our brief discussion.

Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e *et seq.*, provides a remedy for employees who are discharged by their employer for engaging in activity that is protected under the statute.  To prevail on a claim of retaliatory discharge under Title VII, Rossell must demonstrate (1) that she engaged in protected activity, (2) that her employer discharged her, and (3) that the discharge was in retaliation for the protected activity she engaged in. *Kachmar v. Sungard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1999).

However, a retaliatory discharge claim must be based on retaliation for an employee's opposition to a Title VII violation.  *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 249 (5th Cir. 1997).  Therefore, the actions underlying the employee's conduct must be activity that Title VII was intended to protect. *See generally*, *Slagle v.*

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's decision to dismiss the complaint is plenary. *Beers-Capital v. Whetzel*, 256 F.3d 120, 130 n.6 (3d Cir. 2001)

*County of Clarion*, 435 F.3d 262 (3d Cir. 2006).  Rossell's claim is based upon alleged discrimination against the bank's customers, not its employees.  She claims that she was fired because she opposed the bank's treatment of certain Black customers.  Whether or not there is a grain of truth in her allegation, it is clear that Congress never intended Title VII to be stretched to cover it. *See Nelson v. Upsala College*, 51 F.3d 383, 388 (3d Cir. 1995).

      The district court recognized that and correctly granted the Bank's motion to dismiss. We will affirm that order.